IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN ROMAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-1288-SMY-GCS |
| SHANE HILEMAN, JEFFERY M. DENNISON, L. WALKER, BRETT NEIGHBORS, and MARK SCHUMAKE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Stephen C. Williams, recommending that Plaintiff's Motion for Preliminary Injunction (Doc. 5) be denied (Doc. 27). Plaintiff filed a timely objection (Doc. 28). For the following reasons, the Court **ADOPTS** Judge Williams' Report.

## Procedural Background

Plaintiff Martin Roman, an inmate currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed a Complaint on June 18, 2018, alleging the living conditions at Shawnee are unsanitary and hazardous to his health (Doc. 1). His Complaint describes various objectionable living conditions including, lack of ventilation, vermin, unsanitary clothing and bedding, unsanitary showers, undercooked food, and malfunctioning plumbing. Plaintiff claims that none of these conditions were remedied despite his complaints to jail officials. Plaintiff is proceeding on 3 Counts and is seeking damages and injunctive relief. His request for a temporary restraining

order was denied in the Court's 28 U.S.C. § 1915A threshold screening order (Doc. 7); his request for a preliminary injunction was referred to Judge Williams.

Judge Williams conducted a hearing on Plaintiff's motion for preliminary injunction (Doc. 25). His Report outlines the evidence presented by the parties as well as the applicable law. Plaintiff testified that he was in cell #2-C-68 (he had been moved there a few weeks prior to the hearing), which had a malfunctioning call button, low water pressure, old and torn bedding, clogged vents, and a hole in the window screen. He also testified that his clothes were worn and had holes in them, that all but one shower lacked sufficient water pressure, and that the kitchen had no hot water.

Judge Williams considered the evidence, which included Plaintiff's testimony, observations of Plaintiff's clothing, and pictures of Plaintiff's cell, and concluded that Plaintiff failed to establish the likelihood of success on the merits (Doc. 27). Specifically, Judge Williams found that the call button had been fixed within 5 days of Plaintiff's complaints, that the low water pressure in Plaintiff's cell was fixed with a piece of plastic, and that Plaintiff was able to wash up and drink water. He further found that the bedding, while worn, served its purpose and was clean, and, the vent, while dusty and rusty, did not appear to be blocked. As to the hole in the window screen, Judge Williams noted that it only allowed vermin into Plaintiff's cell sporadically and that the window could be shut. He found that while Plaintiff's clothes did have a couple of holes and a tear in the seam, they served their function and their condition did not deprive Plaintiff of a human need. Finally, Judge Williams concluded the fact that it was inconvenient to wait in line for a shower did not amount to a sufficiently serious condition that would warrant relief.

## Discussion

Since Roman filed a timely objection, the undersigned must undertake a *de novo* review of Judge Williams's recommendation to deny his motion for preliminary injunction. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*. The Court has reviewed Judge Williams' Report consistent with these standards.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, a plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and

be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

As an initial matter, Roman objects to the Report generally and Judge Williams' previous denial of his Motion for Appointment of Counsel (Doc. 26). However, the Court will not consider non-specific objections or those outside the scope of the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Roman next argues that Judge Williams should not have considered the photographs of his current cell because they did not reflect the true conditions of his cell at the relevant time. Specifically, he contends the pictures did not show missing floor tiles, moldy showers, peeling paint, the large hole in his bed, the rusted shower vent, and unsanitary conditions in the dining hall (which included inmates bleeding around food) (Doc. 19). He requests that this Court consider his pleadings and the statements made in his briefs in determining the true nature of the conditions under which he is incarcerated.

Roman appears to conflate the conditions of the cell he was in at the time of the hearing (#2-C-68) and the cell he was in at the time he filed his Complaint (#2-D-73). During the hearing, Judge Williams specifically referred to photographs of cell #2-C-68, and Roman confirmed that they accurately depicted what they purported to show. They included photographs of Roman's current mattress, sheets, blanket, window screen, sink/faucet (with a picture of running water), and a rusty vent in his cell. At no point during the hearing did Roman indicate that photographs were inaccurate. Indeed, the only complaint he expressed about the photographs was that they did not

show the mattress he had in his previous cell, which was described in his Complaint. Roman was also given the opportunity to testify about the current conditions and to describe them to Judge Williams. He described (and showed Judge Williams) the holes in his clothes, described the smell and conditions in the chow hall, and described the lack of water pressure in the showers.

The Court finds no reason in the record to second-guess Judge Williams' evidentiary rulings. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Roman himself testified that the photographs are an accurate depiction of his current cell. *See* FED.R.EVID. 901(b)(1). At no point during his testimony did he challenge the authenticity of the photographs. His gripe is simply that the photographer did not take all the photographs he wanted him to take.

It is well-established that a preliminary injunction is an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. Roman has failed to meet his burden of proof. While the conditions he describes are not ideal, "the Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994).

After thoroughly reviewing the record before it, the Court agrees with Judge Williams' analyses and conclusions and **ADOPTS** his Report and Recommendation in its entirety (Doc. 27). Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 5) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 28, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**