IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN ROMAN, #M19956, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1288−SMY |
| ) | |
| SHANE HILEMAN, *et al.* ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge**

This matter is before the Court on Plaintiff's fourth Motion for Extension of Time to File Response/Reply to Defendants' Motion for Summary Judgment (Doc. 83). In this and in previous motions requesting an extension, Plaintiff, an inmate at Lincoln Correctional Center, cites the denial of law library access as the primary factor preventing him from filing a timely response. As this has become a common issue raised during the COVID-19 pandemic and implicates inmates' constitutional right to adequate access to law library materials, the Court conducted a hearing on September 16, 2020 to determine whether Plaintiff's constitutional rights were being violated and the Court's jurisdiction was being thwarted by indefinite and prolonged delay, and whether exercise of the Court's powers to issue injunctive relief under the All Writs Act, 28 U.S.C. § 1651(a) was warranted.

The All Writs Act gives the Court the power "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). In appropriate circumstances, the Court may exercise its authority under the Act

1

with respect to people or entities not parties to the underlying litigation "who are in a position to frustrate ... the proper administration of justice." *Id.* at 174.  This may include issuance of an injunction to prevent interference with its orders. *In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 159 F.3d 1016, 1020 (7th Cir. 1998).

An inmate's constitutional right to meaningful access to the courts includes adequate access to law library materials.  See *Bounds v. Smith,* 430 U.S. 817, 825–26 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1996).  There is no bright-line or objective standard for what constitutes a violation of a prisoner's rights with regards to library material access – access to a physical space is not required. Whether a prisoner has "meaningful access to the courts is the touchstone[.]" *Lewis*, 518 U.S. at 351.

Lincoln's law librarian, Stacey Carter, testified during the hearing regarding prisoner access to law library materials during the COVID-19 pandemic.  According to Carter, the library has been closed since Lincoln went on administrative lockdown on March 21, 2020, but inmates can have access to law library materials by dropping "slips" to the library with their requests. Carter fulfills what requests she can, and those that require the scrutiny of a paralegal are sent to staff at Pontiac Correctional Center for response.  Since September 1, 2020, a law clerk has been allowed back in the library at Lincoln to assist Carter in fulfilling requests.  It is unclear from Carter and Plaintiff's testimony whether inmates are adequately informed that they may obtain law library materials this way.  Carter testified that when a prisoner requests access to the law library during administrative lockdown, they are informed the library is closed, but the process for securing materials from the library during lockdown is outlined in the Lincoln prisoner handbook. Plaintiff indicated he was unaware he could access materials from the law library in this manner until a few weeks ago.

Based on the testimony adduced during the hearing, including Carter's assurance that Plaintiff's research needs could be accommodated in time for him to file a response in the next 45 days, the Court is satisfied that Plaintiff has adequate access to legal materials to ensure meaningful access to courts, at least at this time.  That said, the undersigned remains troubled by the fact that lack of access to prison law libraries during the pandemic has and continues to be a commonly cited problem across IDOC institutions.  Whether other facilities have an adequate system in place to ensure inmates access to law library materials and whether inmates are made aware of their options is an open question that may bear further scrutiny in other cases.

For the foregoing reasons, Plaintiff's Motion for Extension of Time (Doc. 83) is **GRANTED**.  Plaintiff shall file his response to the pending motion for summary judgment on or before November 2, 2020. This deadline will not be further extended absent extraordinary circumstances.

**IT IS SO ORDERED.**

DATED: September 21, 2020

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**